## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LIVING LIFE** | : | **CIVIL ACTION** |
| **ALEXANDREA SEMRAU** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **DEUTSCHE BANK NATIONAL TRUST** | : | **NO.  16-1069** |
| **COMPANY, et al.** | : | |

| | | |
|---|---|---|
| **DETLEF SEMRAU** | : | |
| **LIVINGLIFE** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **DEUTSCHE BANK NATIONAL TRUST** | : | **NO. 16-1105** |
| **COMPANY, et al.** | : | |

### MEMORANDUM

**TUCKER, Ch. J.**                                                                 **APRIL** 14, 2016

Plaintiff Alexandrea Semrau and her husband Detlef Semrau initiated two civil actions on behalf of themselves, their company Living Life, and Living Life's employees.  At bottom, the Semraus' complaints are based on allegations that the defendants—Deutsche Bank National Trust Company, Bank of America, Goldbeck McCafferty and McKeever (GMM), Ed Sweeney, Carolyn B. Welsh, and Bryan Walters—deprived them of ownership rights in property on which they lived and on which they intended to run their business.[1]  As the two cases arise from the same facts, the Court will consolidate the cases.  The Court will dismiss the complaints without prejudice to amendment for the following reasons.

---

[1] The Semraus also identify BAC Home Loans Servicing, L.P., as a defendant in their complaints, but failed to name that entity in the caption as required by Federal Rule of Civil Procedure 10.

1

## I.    FACTS AND PROCEDURAL HISTORY

### A.  Civil Action Number 16-1069

On March 7, 2016, Alexandrea Semrau filed Civil Action 16-1069 on behalf of herself,

Living Life, her husband, and employees of Living Life. Underlying Ms. Semrau's claims is an

ongoing property dispute that culminated in Deutsche Bank prevailing in an ejectment action

filed against Ms. Semrau and her co-plaintiffs in the Chester County Court of Common Pleas.

The Court has done its best to ascertain the basis for Ms. Semrau's claims, as the manner in

which she has pled her allegations is unclear and confusing at times.

The Semraus were apparently evicted from the property in 2000 after defaulting on a

mortgage, and the property was subsequently sold to the United States Department for Veterans

Affairs (VA) at a sheriff's sale. Sheriff Carolyn B. Welsh carried out the eviction. In 2002, the

Semraus executed an installment contract with the VA for the purpose of purchasing the property

so they could operate a business (Living Life) there.[2] It appears from the allegations of the

complaint and attachments that the property was subject to a Vendee Trust Mortgage in

connection with a loan program run by the VA, although it is also possible that Ms. Semrau

disputes that fact.    The complaint alleges that the Semraus recorded their "Property Ownership

Name Bearing VA Trading NOTE and Title" on August 8, 2002, and that Ed Sweeney, the

Chester County Recorder of Deeds, removed evidence of their ownership on October 2, 2002.

The Semraus have been in an ongoing battle regarding their interest in and right to be on

the property since 2002, when GMM, which was apparently servicing the Vendee Trust

Mortgage, sought to have the Semraus removed from the property. The complaint challenges

GMM's effort in that regard and suggests that GMM had no standing or legal basis for taking

---

[2] The complaint alleges that the VA accepted the Semraus' "Federal Bid to use VA property for area EPA/DEP clean-up of Superfund Site and attend to area needy."

action against the Semraus. Attachments to the complaint further reflect that, in 2006, the VA conveyed the property to Deutsche Bank as trustee, although the Semraus dispute the validity of that transaction. They allege that GMM, apparently on behalf of Deutsche Bank, wrongfully initiated a foreclosure action against them in 2006. Their allegations suggest that this was improper both because there was no mortgage on the property and/or because Deutsche Bank was not the holder of the note (or otherwise lacked any rights in the property). In 2013, the Semraus filed a quiet title action against Bank of America in state court. In 2014, Deutsche Bank filed an ejectment action against the Semraus in the Chester County Court of Common Pleas. The state court awarded Deutsche Bank possession of the property in 2015.

The gist of Ms. Semrau's claims is that the defendants violated federal and state law by fraudulently misrepresenting that they own the property and seeking to have her evicted when, in fact, she and her husband are the rightful owners.[3] She also alleges that the Chester County Court of Common Pleas has refused to acknowledge her interest in the property and indicates that the state court, in rendering certain rulings, unlawfully assigned the property and/or her debt to the defendants. Ms. Semrau also lists various provisions of federal law that she believes to have been violated, apparently in connection with her acquisition of an interest in the property.

Specifically, the complaint raises eighteen counts: a count entitled "Rule to Show Cause PA R. C.P. Rule 206.6 violation of FDIC Consumer Protection Paragraph 19(b)(2)viii"; ten counts alleging violations of the Truth in Lending Act (TILA) and related regulations; a count for violation of the Fair Debt Collection Practices Act (FDCPA); a count for violations of the

---

[3] The complaint is titled "Petition for Stay and Substantive Relife [sic] Writ of Habeas Corpus PA R. Civ. P. Rule 206.1(A)2." Although that title suggests that Ms. Semrau is seeking habeas relief, the complaint reveals that she is not challenging a state court judgment pursuant to which she is in custody such that habeas jurisdiction would be appropriate. *See* 28 U.S.C. § 2254. Ms. Semrau's apparent belief that she was essentially being held prisoner on her property does not render habeas law applicable to her property dispute.

Real Estate Settlement Procedures Act (RESPA); a state law claim to quiet title; a count under

Pennsylvania's Unfair Trade Practices and Consumer Protection Law; a count for negligent

supervision; and a count for "common law fraud and injurious falsehood." The complaint also

includes a "motion to strike all of Defendants False Claims of Ownership of Plaintiff's Property,"

in which Ms. Semrau appears to ask this Court to strike documents entered in a state court action

pertaining to the property. Ms. Semrau attached various documents to her complaint including a

writ of possession issued and reissued to Deutsche Bank by the Chester County Court of

Common Pleas in the ejectment action, and a transcript from the 2013 quiet title action.

Along with her complaint, Ms. Semrau filed a motion to proceed *in forma pauperis* and a

motion seeking to enjoin her and her co-plaintiffs' eviction from the property on March 10,

2016.[4]  Judge Pappert, serving as emergency judge, granted Ms. Semrau leave to proceed *in

forma pauperis*. As Ms. Semrau lacked the ability to prosecute claims on behalf of Living Life

or her co-plaintiffs due to her status as a non-attorney proceeding *pro se*, Judge Pappert

considered the motion with respect to her claims only. Ultimately, Judge Pappert denied Ms.

Semrau's motion on two bases: (1) as it appeared that at least a portion of her claims sought

review and rejection of the state court's judgment, the *Rooker-Feldman* doctrine precluded

jurisdiction over those claims; and (2) to the extent *Rooker-Feldman* did not preclude

jurisdiction, the Anti-Injunction Act prohibited the Court from enjoining enforcement of the state

court's eviction order. The Clerk of Court was directed not to issue summonses so that the Court

could screen the complaint.

---

[4] The motion was titled "Request Stay and Substantive Relief Order be Granted on Impending Eviction Under Rule to Show Cause *PA. R. C. P. Rule 206.6*."

4

### B. Civil Action Number 16-1105

On March 9, 2016, in response to Judge Pappert's denial of a stay, Mr. Semrau filed Civil Action Number 16-1105 against the same defendants named in Civil Action Number 16-1069, raising identical claims based on essentially identical allegations. The complaint, titled "Petition Habeas Corpus PA. RCP. Rule 206.1 206.6 for Stay of Eviction of March 10, 2016 at 11:00 AM Petition for Stay and Substantive Relife [sic] Writ of Habeas Corpus PA R. Civ. P. Rule 206.1(A)2," was accompanied by a motion to proceed *in forma pauperis* and a motion to stay the impending eviction. The complaint states that Mr. Semrau and Living Life, which was also named as a plaintiff, bring their claims "by and thru" Ms. Semrau, but was signed by Mr. Semrau. However, Ms. Semrau signed the motion seeking to enjoin the eviction.

Judge Beetlestone, who was assigned to the case, granted Mr. Semrau leave to proceed *in forma pauperis* and denied the motion to enjoin the eviction for the same reasons that Judge Pappert denied Ms. Semrau's earlier motion. Judge Beetlestone also directed the Clerk of Court not to issue summonses so that the Court could screen the complaint. She subsequently closed the case for statistical purposes. The case was ultimately reassigned to me as factually related to Civil Action Number 16-1069.

### C. The Semraus' Response

On April 1, 2016, the Semraus filed a "Response to Unseen Memorandum Order and Petition for Reconsideration," which includes several documents questioning Judge Pappert and Judge Beetlestone's orders. They argue that they were deprived of a jury trial, apparently in connection with their motions to enjoin the eviction, which the Response reflects has taken place. The Semraus argue that they were improperly removed from the land. They included with their

5

filing a petition to "recover plaintiffs losses due to defendants apply unlawful debt," which

reflects that they seek monetary damages under the FDCPA.

## II.    STANDARD OF REVIEW

As the Semraus are proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)

require the Court to dismiss the complaints if they are frivolous or fail to state a claim.[5]  A

complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*,

490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal

theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).  To survive dismissal for

failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.*

Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative

defense is obvious from the face of the complaint. *See Ball v. Famiglio*, 726 F.3d 448, 459 (3d

Cir. 2013).  The Court may also consider exhibits attached to the complaint. *Buck v. Hampton

Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).  As the Semraus are proceeding *pro se*, the

Court construes their allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

Initially, as noted by Judges Pappert and Beetlestone, the *Rooker Feldman* doctrine

precludes this Court from exercising jurisdiction over any claims that seek redress for injuries

caused by unfavorable state court judgments. The *Rooker-Feldman* doctrine deprives

federal district courts of jurisdiction over claims that are essentially appeals from state court

---

[5] As previously noted by Judge Pappert and Judge Beetlestone, the Semraus may not bring claims
on behalf of their business or anyone else.  They may only pursue their own claims.
Accordingly, the Court will dismissed Living Life as a plaintiff to this action and will dismiss
any claims raised on behalf of other individuals.

6

judgments. *Great W. Mining & MIneral Co. v. Fox Rothschild L.L.P.*, 615 F.3d 159, 165 (3d Cir. 2010). "[F]our requirements . . . must be met for the *Rooker-Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Id.* at 166. Accordingly, if the Semraus seek redress for injury caused by the unfavorable judgment issued against them by the Chester County Court of Common Pleas, which is unclear, the Court lacks jurisdiction over their claims.

However, the majority of the Semraus' claims are based on TILA and related regulations— which require lenders to make certain disclosures to borrowers in consumer lending—that are not barred by *Rooker-Feldman*. However, the Semraus have not stated a plausible claim under TILA because, given the manner in which the complaint is pled, it is not clear how the Semraus believe that TILA was violated or how each of the named defendants are responsible for the alleged TILA violations. Furthermore, if the Semraus' transaction with regard to the property was principally for business, as opposed to consumer purposes, TILA does not apply. *See St. Hill v. Tribeca Lending Corp.*, 403 F. App'x 717, 720 (3d Cir. 2010) (TILA does not apply to transactions that are primarily for business purposes); *see also* 15 U.S.C. § 1603(1).

Even leaving those issues aside, the Semraus' TILA claims appear to be time-barred. TILA imposes a one-year statute of limitations for certain violations and a three-year statute of limitations for others. *See* 15 U.S.C. § 1640(e). Furthermore, a plaintiff is barred from seeking rescission under TILA unless she has notified the lender of her intent to seek rescission within three years of the transaction at issue. *See Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015) ("Even if a lender *never* makes the required disclosures, the 'right of

rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first.'" (quoting 15 U.S.C. § 1635(f))); *Jacques v. Chase Bank USA, N.A.*, No. CV 15-548-RGA, 2016 WL 423770, at *9 (D. Del. Feb. 3, 2016) ("The time limit for seeking rescission is an absolute bar to a cause of action if the right is not exercised within the three-year period."). All of the relevant transactions related to the property took place during or before 2006. Furthermore, as the parties have been engaged in protractive litigation since at least 2006, when GMM filed a foreclosure action against the Semraus, the Semraus knew or should have known of the facts giving rise to their claims long before they filed these cases. Accordingly, it is difficult to see how the Semraus' complaints, which were filed in March of 2016, are timely.

The Semraus' RESPA claim suffers from similar deficiencies. RESPA requires that consumers receive certain disclosures in connection with certain mortgage loans. As with their TILA claims, the manner in which the complaints are pled make it difficult to discern which defendants allegedly violated RESPA and how they did so. Furthermore, any RESPA claims appear to be time-barred—regardless of whether RESPA's one or three-year limitations period applies—for the same reasons the Semraus' TILA claims are time-barred. *See* 12 U.S.C. § 2614.

The basis for the Semraus' FDCPA claim is clearer, as it pertains to the defendants' alleged false representations of ownership in the property or, possibly, their actions on behalf of others claiming ownership in the property. A one-year statute of limitations applies to FDCPA claims. 15 U.S.C. § 1692k(d). When a FDCPA claim is based on a defendant's allegedly improper initiation of litigation to collect a debt, the FDCPA's one-year statute of limitations accrues at the latest when the plaintiff is served with process. *See Schaffhauser v. Citibank (S.D.) N.A.*, 340 F. App'x 128, 130-31 (3d Cir. 2009) (per curiam). Here, the Semraus' claims are time-barred

because none of their claims are based on conduct that occurred within the applicable limitations period. Instead, their allegations mostly concern conduct that occurred from 2002 through 2006, or litigation that was ongoing more than a year before they filed their complaints. Accordingly, they have not stated a timely FDCPA claim. Additionally, private litigants such as the Semraus are limited to a damages remedy under the FDCPA. *See Weiss v. Regal Collections*, 385 F.3d 337, 342 (3d Cir. 2004), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016).

As currently pled, the complaints do not state a plausible federal claim. Accordingly, there is no independent basis for jurisdiction over the Semraus' state law claims.[6] Regardless, the doctrine of *res judicata* prohibits the Semraus from re-litigating claims that have been resolved in prior litigation.

## IV.    CONCLUSION

For the foregoing reasons, the Court will consolidate Civil Action Numbers 16-1069 and 16-1105, and dismiss the complaints. The Court will grant the Semraus leave to file an amended complaint in the event they can state a timely, plausible claim against any of the defendants. To the extent the Semraus seek reconsideration of Judge Pappert and Judge Beetlestone's orders denying their motions to enjoin their eviction, their request is denied as moot because the eviction has already occurred. An appropriate order follows.

---

[6] The Court may not exercise diversity jurisdiction here because the complaint reflects that the parties are not diverse. *See* 28 U.S.C. § 1332.